
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE, AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA; and BOBBY HARDWICK, CARL MALFITANO, WALTER BERRY, RAYMOND J. MITCHELL, FAY BARKLEY, ARLEN BANKS, and YVONNE HICKS, on behalf of themselves and all other persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY,<br><br>Defendant. | Case No: 05-74730<br><br>Hon. Arthur J. Tarnow<br>Magistrate Virginia M. Morgan<br><br>CLASS ACTION |



FILED

FEB 2 4 2006

CLERK'S OFFICE
U. S. DISTRICT COURT
EASTERN MICHIGAN

## ORDER

Having reviewed and considered Class Representatives' Motion for Class Certification and supporting documentation, the Court concludes that all requirements of Rule 23 are satisfied and accordingly grants the motion and appoints Class Counsel, based on the following specific finding and rulings:

1. For a class to be certified, the proposed group of litigants must satisfy the four requirements of Rule 23(a) and fall within one of the three subdivisions of Rule 23(b); in addition, appointment of class counsel requires satisfaction of Rule 23(g)(1)(C)(i).

2. Because there are approximately 150,000 class members, the class is so numerous that joinder of all members is impracticable, satisfying Fed.R.Civ.P. 23(a)(1).

3. There are common questions of law and fact, satisfying Fed.R.Civ.P. 23(a)(2), because members of the proposed class are covered by labor agreements and plan documents containing virtually identical provisions concerning the obligations of Ford Motor Company ("Ford") to provide retiree health care. Common questions of law include: (1) whether Section 301 of the LMRA, 29 U.S.C. § 185(a), prohibits Ford from unilaterally reducing class members' health-care benefits; and (2) whether ERISA, 29 U.S.C. §§ 1132(a)(1)(B) and (a)(3), also prohibits Ford from so doing.

4. Fed.R.Civ.P. 23(a)(3) is satisfied because the Class Representatives' claims are typical of the claims of the proposed class. Ford has threatened to injure Class Representatives and the proposed class in the same way by cutting retiree health benefits. Class Representatives' injuries will arise from and will be directly related to the wrong threatened against the class.

5. Fed.R.Civ.P. 23(a)(4) is satisfied because the Class Representatives and their counsel will fairly and adequately protect the interests of the class. First, Class Representatives have common interests with unnamed class members, as established by the fact that Rule 23(a)(2) commonality and Rule 23(a)(3) typicality are satisfied; further, nothing suggests that Class Representatives have interests conflicting or antagonistic to the interests of the proposed class. Second, Class Representatives will vigorously represent the interests of the proposed class through qualified counsel, as discussed in the following paragraph.

6. Rule 23(g)(1)(C)(i) requires that the Court consider the following factors when appointing class counsel: 1) the work counsel has done in identifying or investigating potential claims in the action; 2) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; 3) counsel's knowledge of the applicable law; and

4) the resources counsel will commit to representing the class. The Court has carefully considered each of these factors and concludes that each is satisfied here.

7. The Court also finds that the requirements of Fed.R.Civ.P. 23(b)(2) are satisfied, i.e., that Ford has acted or refused to act on grounds generally applicable to the proposed class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole. Specifically, Ford has threatened to act on grounds generally applicable to the entire proposed class by reducing health care benefits. Injunctive or declaratory relief accordingly is appropriate with respect to the class as a whole.

8. Based on the foregoing, the Court hereby certifies the following class:

> All persons who, as of December 22, 2005, were (a) Ford/UAW hourly employees who had retired from Ford with eligibility to participate in retirement in the Ford Hospital-Surgical-Medical-Drug-Dental-Vision Program ("Plan"), or (b) the spouses, surviving spouses and dependents of Ford/UAW hourly employees, who, as of December 22, 2005, were eligible for post-retirement or surviving spouse health care coverage under the Plan as a consequence of a Ford/UAW hourly employee's retirement from Ford or death prior to retirement.

9. Class claims are those alleged in the Amended Complaint, including the claim that Section 301 of the LMRA, 29 U.S.C. § 185(a), as well as ERISA, 29 U.S.C. §§ 1132(a)(1)(B) and (a)(3), prohibit Ford from unilaterally reducing class members' health-care benefits.

10. William T. Payne, John Stember and Edward J. Feinstein are appointed as counsel for the class. As discussed above, the Court finds that these attorneys will fairly and adequately represent the interests of the class, in consideration of the work counsel has done in identifying or investigating potential claims in this action, counsel's experience in handling class actions,

other complex litigation, and claims of the type asserted in this action, counsel's knowledge of the applicable law, and the resources counsel will commit to representing the class.

So Ordered,

Date: FEB 24 2006

Arthur J. Tarnow
United States District Judge

cc:   All parties of record.

4