**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE, AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, and BOBBY HARDWICK, CARL MALTIFANO, WALTER BERRY, RAYMOND J. MITCHEL, FAY BARKLEY, ARLEN BANKS, and YVONNE HICKS, on behalf of themselves and all other persons similarly situated, | CASE NOS. 05-74730, 06-10331<br><br>PAUL D. BORMAN<br>UNITED STATES DISTRICT JUDGE |

        Plaintiffs,

v.

FORD MOTOR COMPANY,

        Defendant.
_____/

## ORDER AND FINAL JUDGMENT

Based on the Findings of Facts and Conclusions of Law, filed this date, and all of the files, records and proceedings herein, it is order that:

1.  The class, as defined by Judge Tarnow, identified in paragraph ¶ 14 of this

    Court's Findings of Fact, is certified for purposes of final settlement:

    All persons who, as of December 22, 2005, were (a) Ford/UAW hourly employees who had retired from Ford with eligibility to participate in retirement in the Ford Hospital-Surgical-Medical-Drug-Dental-Vision Program ("Plan"), or (b) the spouses, surviving spouses and dependents of Ford/UAW hourly employees, who, as of December 22, 2005, were eligible for post-retirement or surviving spouse health care coverage under the Plan as a consequence of a Ford/UAW hourly employee's retirement

    from Ford or death prior to retirement.

2.  The Parties' proposed Settlement Agreement dated February 13, 2006 (Docket No. 34, Ex. A) is approved, in its entirety, as fair, reasonable, and adequate, pursuant to Federal Rule of Civil Procedure 23(e).

3.  Pursuant to the express terms of the Settlement Agreement, this judgment confirms the provisions of Section 19 of the Settlement Agreement, entitled "No Admissions; No Prejudice," and as found in paragraph 63 of this Court's Findings of Fact, filed this date.

4.  The Court approves the DC-VEBA Trust Agreement in all respects, including the provisions regarding composition of the Trust Committee, the selection of the named individuals as the initial Public Members of the Trust Committee, the mechanism for selecting successor Members of the Trust Committee, and all other aspects of the governance mechanisms described in the Trust Agreement.

5.  The Court approves the reimbursement by Ford of the UAW's and Class Counsel's reasonable attorney and professional fees and expenses as provided for under Section 20(B) of the Settlement Agreement in all respects.

6.  Pursuant to Federal Rule of Civil Procedure 54(d)(2)(A) and (B), and the Court's Order of July 12, 2006 concerning fees for Class Counsel, final motions for attorney and professional fees and expenses shall be filed by Class Counsel and UAW within fourteen (14) days of this Order and Final Judgment.

7.  The Settlement Agreement is binding upon Ford, UAW, and all members of the Class.

8.   The Court finds reasonable and approves the indemnification provisions of Section 20(A) of the Settlement Agreement in all respects.

9.   This litigation is DISMISSED WITH PREJUDICE, except as otherwise provided herein and in the Settlement Agreement.

10.  The Court retains exclusive jurisdiction, pursuant to Section 22(B) of the Settlement Agreement, to resolve any disputes relating to, or arising out of or in connection with the enforcement, interpretation or implementation of the Settlement Agreement.

**SO ORDERED**.

s/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated: July 13, 2006

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on July 13, 2006.

s/Denise Goodine  
Case Manager