UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, and BOBBY HARDWICK, CARL MALFITANO, WALTER BERRY, RAYMOND J. MITCHELL, FAY BARKLEY, ARLEN BANKS and YVONNE HICKS, on behalf of themselves and all other persons similarly situated, | CIVIL ACTION NO. 05-74730<br><br>DISTRICT JUDGE PAUL D. BORMAN<br><br>MAGISTRATE JUDGE VIRGINIA MORGAN |

   Plaintiffs,

 v.

FORD MOTOR COMPANY,

   Defendant.
_____/

## REPORT AND RECOMMENDATION GRANTING
## MOTION FOR ATTORNEYS' FEES AND EXPENSES

This matter is before the court on the Plaintiff Participants' Supplemental Petition for Attorney Fees (#946). The Petition is unopposed. It seeks fees for work done after July 14, 2006, in this class action related to health care benefits for Ford retirees and their dependents. Because this is a class action, the court must determine that the fees and costs are reasonable before approving the petition. Because this matter is a post-judgment request, the authority of the

magistrate judge is limited to a Report and Recommendation.[1] One fee petition for pre-appellate work has been approved. Counsel now brings this supplemental petition for fees. For the reasons discussed in this Report, and consistent with the order entered by Judge Cleland in the companion case (UAW v. GM, 05-73991) with the same class counsel, it is recommended that the supplemental fee petition be granted and the order attached to the petition be entered as the order of the court.

      Plaintiff-Participants filed this ERISA action 29 U.S.C. § 1132 pursuant to Fed.R.Civ.P. Rule 23(h). Plaintiff-Participants were UAW members who retired after working at Ford plants throughout the United States. The class was approximately 170,000 persons, and included retirees, spouses, and dependents. The claims were for health care benefits for members of the class. After filing suit, the parties entered into a Settlement Agreement that enabled class members to continue to participate in health care plans at a modest cost. After notice of the Settlement was provided to the class, some members filed objections. A fairness hearing was held and the court upheld the Settlement. Opinion and Order, July 13, 2006. (D/E 922, 2006 WL 1984363).

      As part of the Settlement, Ford agreed not to oppose application by class counsel for an award of reasonable attorney's fees and reimbursement of costs and expenses. The amount of fees was to be determined by the court using current market rates. Class counsel previously filed a motion for fees on March 23, 2006 (D/E 131). By order dated July 12, 2006, the court ruled

---

[1]This case and its companion, UAW v. GM, 05-73991, have been heard by the district court, the Court of Appeals, and almost 1000 entries docketed. The undersigned did not participate in those matters.

that class counsel was entitled to fees and costs and found the estimate of projected fees to be reasonable. (D/E #920) Fees through July 14, 2006 were approved by the court in the amount of $368,829 and $32,421 in costs. (D/E 926) The district court retained "jurisdiction over any additional fee petitions to be filed in connection with an appeal of the judgment or in otherwise obtaining or defending the judgment." (D/E 926)

Objector Bronson, a class member, appealed the Settlement Agreement to the Sixth Circuit Court of Appeals. A similar appeal challenging the Settlement Agreement in the General Motors case was filed by a class member there. See, 2006 WL 891151 (E.D. MI, March 31, 2006). The cases were consolidated for argument after briefs were filed. A unanimous panel of the Sixth Circuit affirmed the district court's orders in all respects. See, 2007 WL 2239208 (6th Cir. August 7, 2007) Counsel now seeks fees for work done after July 14, 2006.

Under the terms of the settlement agreement, the district court's previous orders, and consistent with ERISA, class counsel for the Plaintiff-Participants seeks a fee award. In order for fees to be considered, it first must be shown that plaintiff is a prevailing party. Such status is a "statutory threshold" which must be crossed before there is any consideration of a fee award. *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.,* 489 U.S. 782, 789, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989). This threshold is crossed when "the plaintiff has succeeded on 'any significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing suit'...." *Id.* at 791-92, 109 S.Ct. 1486 (alteration in original) (quoting *Nadeau v. Helgemoe,* 581 F.2d 275, 278-79 (1st Cir.1978)). *See also Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson County, Tenn.,* 421 F.3d 417, 420 (6th Cir.2005), *cert. denied,* --- U.S. ----, 126

S.Ct. 2916, 165 L.Ed.2d 917 (2006), *DiLaura v. Township of Ann Arbor* 471 F.3d 666, *670 (C.A.6 (Mich.),2006). A plaintiff who 'prevails' is entitled to fees when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff. *Farrar v. Hobby,* 506 U.S. 103, 111-12, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992), *Sandusky County Democratic Party v. Blackwell,* 191 Fed.Appx. 397, *399, 2006 WL 2188703, **1 (C.A.6 (Ohio (C.A.6 (Ohio),2006).

In determining the *amount* of attorney fees to be awarded, the Supreme Court has repeatedly recognized that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983); *see also id.* at 433 n. 7 (stating that these standards for determining the reasonableness of a fee to be awarded to a successful plaintiff under 42 U.S.C. § 1988 are "generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party' "). That product, which is known as the "lodestar" figure, is presumed to represent the "reasonable" fee. *See City of Burlington v. Dague,* 505 U.S. 557, 562 (1992). To claim entitlement to the lodestar, the applicant must submit adequate documentation of hours, and "should make a good-faith effort to exclude from [the] fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley,* 461 U.S. at 434. The court should also take into account the amount of the recovery and the results obtained by the lawsuit. *See Griffin v. Jim Jamison, Inc.,* 188 F.3d 996, 997 (8th Cir.1999) (ERISA case, noting that these are "certainly relevant factors," citing *Hensley).* This

court has repeatedly held that attorney fees may be reduced for inadequate documentation or poor record-keeping. *See, e.g., Rural Water Sys. # 1 v. City of Sioux Center, Iowa,* 38 F.Supp.2d 1057, 1063 (N.D.Iowa 1999) (citing *Houghton v. Sipco, Inc.,* 828 F.Supp. 631, 643-44 (N.D.Iowa), *vacated on other grounds,* 38 F.3d 953 (8th Cir.1994)). The Eighth Circuit Court of Appeals has recognized that it is not necessary for the district court "to examine exhaustively and explicitly, in every case, all of the factors that are relevant to the amount of a fee award," but the district court should consider what factors, "in the context of the present case, deserve explicit consideration," which may include, for example, the number of lawyers who had previously declined to represent the plaintiff before he or she found counsel to prosecute the case, whether the plaintiff obtained relief from all of the defendants sued, and the extent of the relief obtained against any particular defendant. *Griffin,* 188 F.3d at 997-98. In the face of arguments that the fees claimed are vaguely described, duplicative, or excessive for the work done, the court should carefully review the documentation supporting the fee request and provide reasons for determination of the amount awarded. *See Mansker v. TMG Life Ins. Co.,* 54 F.3d 1322, 1330 (8th Cir.1995). Finally, as to the hourly rate, a reasonable attorney fee should be "consistent with market rates and practices" in the community. *See Missouri v. Jenkins,* 491 U.S. 274, 287 (1989).

Here, class counsel is entitled to fees. The plaintiffs were prevailing parties at the Court of Appeals, with the appellate court rejecting each argument put forth by the objectors. The requested hourly rates are reasonable and comparable to those charged by other attorneys nationally. Judge Cleland reviewed this issue in his order of September 19, 2007, the GM case

(D/E 1435 in UAW v. GM, 05-73991). The court there found that rates of $450 per hour and $375 per hour were reasonable. The court awarded fees and costs totaling $77,932.83 for class counsel's post judgment work. Id. In this case, class counsel request the same rate, noting that the rates have increased by $60 per hour since the original fee petition. The backgrounds and experience of counsel are laid out in the brief and demonstrate the substantial experience and knowledge they possess. They have written articles, spoken and also briefed and argued a number of retiree health care class actions. The rates are equivalent to those charged by other attorneys for similar work, and the rates have been approved in other cases for this counsel. After a thorough review of the pleadings and documentation, the court finds that the rates are reasonable.

In addition, the court finds that the hours spent are reasonable. Paralegals were used where possible and the total amount requested is $62,650.00 for fees. Costs were shared with the GM case and total $1075.60. Again, review of these expenses shows that they are not excessive.

Therefore, it is recommended that the district judge find the requested amounts proper, grant the petition, and enter an award to class counsel of $62,650.00 in fees and $1075.60 in costs.

It is further recommended that the Court retain jurisdiction over any additional fee petitions, if any, to be filed in otherwise obtaining or defending the judgment.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as

provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

s/Virginia M. Morgan<br>
Virginia M. Morgan<br>
United States Magistrate Judge

Dated:  December 12, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System and/or U. S. Mail on December 12, 2007.

s/Jane Johnson<br>
Case Manager to<br>
Magistrate Judge Virginia M. Morgan